9

**FILED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAN 2 0 2005

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

RONALD BERO, Individually and on
Behalf of All Others Similarly Situated,

        Plaintiff,

v.

VALASSIS COMMUNICATIONS,
INCORPORATED, ALAN F. SCHULTZ,
AND ROBERT L. RECCHIA,

        Defendants.
_____/

CASE NO. 04-74127
HON. LAWRENCE P. ZATKOFF

## OPINION AND ORDER

AT A SESSION of said Court, held in the Theodore Levin United States Courthouse,
in the City of Detroit, State of Michigan, on

PRESENT:  THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on the following motions: (1) Proposed Lead Plaintiffs

Morton Morrison and Clifford C. Reynolds, Jr.'s Motion for Appointment as Lead Plaintiffs and

Approving Lead Plaintiffs' Choice of Lead Counsel; (2) Defendants' Motion to Dismiss; (3)

Proposed Lead Plaintiffs Morton Morrison and Clifford C. Reynolds, Jr.'s Motion to Stay

Defendants' Motion to Dismiss Pending Appointment of Lead Plaintiff and Filing of an Amended

Complaint; (4) Proposed Lead Plaintiffs Morton Morrison and Clifford C. Reynolds, Jr.'s Motion

for Expedited Review of Motion to Stay Defendants' Motion to Dismiss Pending Appointment of

Lead Plaintiff and Filing of an Amended Complaint; and (5) the Court's January 14, 2005, Order to Show Cause. Proposed Lead Plaintiffs', (hereinafter "Movants"), motion for appointment as lead plaintiffs and for approval of counsel stands unopposed. Defendants responded to Movants' motion to stay the motion to dismiss and Movants' motion for expedited review of the motion to stay. Movants also responded to the Court's Order to Show Cause. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decisional process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted. For the reasons set forth below, Movants' motion for appointment as lead plaintiffs and for approval of counsel will be GRANTED. Movants' motion to stay and Movants' motion for expedited review of the motion to stay will also be GRANTED. In addition, the Court's Order to Show Cause will be SET ASIDE. Finally, Defendants' motion to dismiss will be STAYED for a period of 30 days.

## II. BACKGROUND

Plaintiff Ronald Bero filed this putative class action on October 22, 2004, alleging violations of Section 10(b) and Section 20(a) of the Securities Exchange Act of 1934, (hereinafter "Exchange Act"), 15 U.S.C. §§ 78j(b), § 78t(a), and Rule 10b-5, 17 C.F.R. § 240.10b-5. On the same day, Plaintiff Bero provided notice of the action over a national wire service. Plaintiff alleges that from April 25, 2002, to October 23, 2002, Defendants Alan Schultz and Robert Recchia violated the Exchange Act by issuing materially false and misleading statements about Defendant Valassis Communications's performance and future prospects, which caused the company's shares to trade at artificially inflated levels.

Under Section 21D(a)(3)(B) of the Private Securities Litigation Reform Act of 1995, (hereinafter "PSLRA"), potential lead plaintiffs have 60 days after published notice of the class action to move for appointment as lead plaintiffs and request approval of lead counsel. *See* 15 U.S.C. § 78u-4(a)(3)(A). On December 21, 2004, Movants filed a motion requesting to be appointed lead plaintiffs. On January 14, 2005, the Court ordered Movants to show cause as to why more than one lead plaintiff should be appointed in this matter. Movants responded to the Order to Show Cause on January 18, 2005. The Court is required to either grant or deny the Movants' request for appointment as lead plaintiffs by January 20, 2005, which is 90 days from the initial notice of the action. *See* 15 U.S.C. § 78u-4(a)(3)(B)(I).

On December 30, 2004, shortly after Movants filed their motion for appointment as lead plaintiffs, Defendants filed their motion to dismiss. Defendants claim that the Complaint fails to set forth any misrepresentations by either of the individual Defendants and fails to satisfy the PSLRA's heightened pleading standard with respect to scienter. *See* Brief in Support of Defendants' Motion to Dismiss. Defendants also claim that the Complaint itself contains material misrepresentations by Plaintiff Robert Bero. Defendants maintain that Plaintiff Bero deliberately misquoted certain statements by Defendant Alan Schultz in an attempt to demonstrate that Defendant Schultz misrepresented Defendant Valassis Communications's future prospects.

On January 12, 2005, Movants filed a motion to stay Defendants' motion to dismiss. Movants claim that the PSLRA contemplates the filing of an amended complaint by the lead plaintiffs once they are appointed. Movants claim that once they are appointed lead plaintiffs, they will file an amended complaint as of right under Rule 15(a) since no responsive pleading has been filed by the Defendants. *See* FED. R. CIV. P. 15(a). Movants assert that filing an amended complaint

would obviate the need to respond to Defendants' motion to dismiss. *See* Movants' Motion for Expedited Review of Motion to Stay, at 2. Thus, Movants request that their motion to stay be granted before the response to Defendants' motion to dismiss becomes due. *See Id.*

On January 18, 2005, Defendants responded to Movants' motion to stay. Defendants object to any delay in the consideration of their motion to dismiss. Defendants argue that because Movants have failed to provide a proposed amended complaint, there is no reason to suspect that an amended complaint would overcome the "fatal deficiencies identified in Defendants' motion to dismiss." Defendants' Response Brief in Opposition to Movants' Motion to Stay, at 1. Defendants argue that Movants' could simply respond to the pending motion to dismiss, provide a proposed amended complaint to the Court, and argue that the amendments adequately remedy the defective Complaint.

Accordingly, the Court must determine (1) whether Movants' request to be appointed lead plaintiffs and their request for appointment of counsel should be granted, and (2) in the event that Movants are appointed lead plaintiffs, whether Defendants' motion to dismiss should be stayed until Movants have an opportunity to file an amended complaint. The Court will address each question in turn.

### III.  DISCUSSION

**A.**    **Movants' Motion for Appointment as Lead Plaintiffs and for Approval of Counsel**

Under the PSLRA, the Court must "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of the class . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(I). To determine whether Movants are the most adequate representatives of the class, the Court is required to observe the following

4

presumption:

> [t]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that–
>
> **(aa)** has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> **(bb)** in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> **(cc)** otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(I)(iii); *see generally In re Cavanaugh*, 306 F.3d 726, 729-31 (9th Cir. 2002)("The 'most capable' plaintiff - and hence the lead plaintiff - is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23."). The presumption "may be rebutted only upon proof by a member of the purported class that the presumptively most adequate plaintiff . . . will not fairly and adequately protect the interests of the class; or . . . is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). In addition, the PLSRA also provides that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).

The Court finds that Movants are presumptively the most adequate plaintiffs under the PSLRA. First, Movants are the only members of the class who have timely filed a motion to be appointed lead plaintiffs under subparagraph (A)(i). *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Second, there is no evidence to contradict Movants' assertion that as purchasers of 200 shares of stock during the class period, they have the largest financial interest in the outcome of the action. *See Greebel*

5

*v. FTP Software*, 939 F. Supp. 57, 64 (D.Mass. 1996) ("As no other persons have sought to be appointed lead plaintiff, [the movants] have the largest financial interest in the relief sought by the class."). And third, Movants have made a preliminary showing that they satisfy the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure. *See Weltz v. Less*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) (proposed lead plaintiffs need only make a preliminary showing that they meet the typicality and adequacy requirements of Rule 23). Movants' claims meet the typicality requirement because they arise out of the same alleged misrepresentations that gave rise to the claims of the other class members. *See In re American Medical Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996) ("[A] plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of the other class members, and if his or her claims are based on the same legal theory."). Movants also preliminarily satisfy the adequacy requirement because Movants appear to have a significant interest in the litigation, have retained experienced counsel, and there is no evidence that Movants have interests antagonistic to other class members. *See Weltz*, 199 F.R.D. at 133. Accordingly, under the PSLRA, Movants are presumptively the most adequate group of plaintiffs to represent the class. Therefore, Movants' motion for appointment as lead plaintiffs will be granted and their proposed order entered.[1]

---

[1] On January 14, 2005, the Court ordered Movants to show cause as to why more than one plaintiff should be appointed lead plaintiff. *See Donnkenny, Inc. Sec. Litig.*, 171 F.R.D. 156, 157 (S.D.N.Y. 1997) ("To allow an aggregation of unrelated plaintiffs to serve as lead plaintiff defeats the purpose of choosing a lead plaintiff."). Although the case law is less than uniform, the Court is satisfied that the weight of authority allows a small group of unrelated plaintiffs to function as lead plaintiffs where there is no evidence that the group will not fairly and adequately represent the members of the class. *See In re Cendant Corp. Sec. Litig.*, 264 F.3d 201, 266 (3d Cir. 2001) ("We note at this juncture that we disagree with those courts that have held that the statue invariably precludes a group of 'unrelated individuals' from serving as lead plaintiff."); *In re Olsten Corp.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998) ("The language of the statute, 'person or group of persons' indicates that a plaintiffs group - not merely the individual plaintiff - is

## B.   Movants' Motion to Stay Defendants' Motion to Dismiss

Having determined that Movants should be appointed lead plaintiffs, the next issue is whether Defendants' pending motion to dismiss should be stayed until Movants have an opportunity to file an amended complaint. Essentially, Movants argue that it would pointless to require a response to Defendants' motion to dismiss because Movants are entitled as lead plaintiffs to file an amended complaint as of right until Defendants file a responsive pleading. Defendants respond, however, by arguing that the PSLRA's heightened pleading standard and its requirement that all discovery be stayed during the pendency of a motion to dismiss suggest that motions to dismiss in securities fraud cases should be decided promptly and, furthermore, that a plaintiff seeking to amend after a motion to dismiss has been filed must provide a proposed amended complaint and demonstrate that the proposed amendments overcome the deficiencies alleged in the motion to dismiss. *See In re Credit Acceptance Corp. Sec. Litig.*, 50 F. Supp. 2d 662, 670 (E.D. Mich. 1999) (Edmunds, J.,) ("in the context of securities litigation, motions to dismiss serve the special function of weeding out insufficient complaints before the discovery process commences"); *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 669 (6th Cir. 2004) (noting that "[h]ad plaintiffs filed a motion to amend the complaint prior to th[e] Court's consideration of the motions to dismiss and accompanied that motion with a memorandum identifying the proposed amendments, the Court would have considered the motions to dismiss in light of the proposed amendments to the complaint . . . ."); *In re Ford Motor Sec. Litig.*, 381 F.3d 563, 573-74 (6th Cir. 2004) (addressing the plaintiff's proposed amended complaint, explaining that "nothing in the amended complaint cures the failure to plead

---

considered."); *see also In re Baan Co. Sec. Litig.*, 186 F.R.D. 214, 216-17 (D.D.C. 1999). Therefore, the Court's January 14, 2005, Order to Show Cause will be set aside.

7

'with particularity . . .'"); *Miller v. Champion Enters.*, 346 F.3d 660, 689-92 (6th Cir. 2003) (addressing the plaintiff's proposed amended complaint, concluding that the amendment was futile and that the PSLRA "restrict[ed] the ability of plaintiffs to amend their complaint, and thus as limiting the scope of Rule 15(a) of the Federal Rules of Civil Procedure."). The Court, however, finds Defendants' argument unpersuasive.

Defendants' argument that Movants should be required to provide a proposed amended complaint fails because in every case cited by Defendants, the plaintiff was seeking leave of court to amend the complaint. Although the PSLRA's heightened pleading standard and its mandatory stay of discovery may limit a party's ability to amend by leave of court, Defendants have failed to show that the PSLRA also limits a party's ability to file an amended pleading as a matter of course before a responsive pleading has been filed. *See Oscar Private Invs. v. Allegiance Telecom, Inc.*, No. 03-2761, 2004 WL 524943 (N.D. Tex., May 17, 2004) ("Defendants have not, however, cited any cases, and the Court has not found any, where a district court has restricted the plaintiff's right to amend as a matter of course because of the heightened pleading requirements of the PSLRA. All cases discussing the interaction between the PSRLA's heightened pleading standards and Rule 15(a) focus on when it is appropriate for a court to deny a plaintiff leave to amend because of the strictures of the PSLRA."). Thus, under Rule 15(a), Movants could potentially moot Defendants' motion to dismiss at any time by filing an amended complaint. Therefore, the Court finds that Defendants' motion to dismiss should be temporarily stayed for 30 days to allow Movants to file an amended complaint. Defendants may chose to proceed with the original motion to dismiss or file a renewed motion to dismiss after Movants have filed an amended complaint.

## IV. CONCLUSION

Accordingly, for the reasons set forth above, (1) Proposed Lead Plaintiffs Morton Morrison and Clifford C. Reynolds, Jr.'s Motion for Appointment as Lead Plaintiffs and Approving Lead Plaintiffs' Choice of Lead Counsel is hereby GRANTED; (2) Defendants' Motion to Dismiss is hereby STAYED until February 22, 2004; (3) Proposed Lead Plaintiffs Morton Morrison and Clifford C. Reynolds, Jr.'s Motion to Stay Defendants' Motion to Dismiss Pending Appointment of Lead Plaintiff and Filing of an Amended Complaint is hereby GRANTED; (4) Proposed Lead Plaintiffs Morton Morrison and Clifford C. Reynolds, Jr.'s Motion for Expedited Review of Motion to Stay Defendants' Motion to Dismiss Pending Appointment of Lead Plaintiff and Filing of an Amended Complaint is hereby GRANTED; and (5) the Court's January 14, 2005, Order to Show Cause is hereby SET ASIDE.

IT IS SO ORDERED.

Dated: _1-20-05_

LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

PURSUANT TO RULE 77(d), FRCivP
COPIES HAVE BEEN MAILED TO:

ON _1-20-05_

DEPUTY COURT CLERK

9